XIAO–MING GAO, Petitioner,

v.

Peter D. KEISLER,[1] Respondent.

No. 04–0146–ag.

United States Court of Appeals,
Second Circuit.

Nov. 7, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

Joan Xie, New York, NY, for Petitioner.

Randy G. Massey, United States Attorney, Southern District of Illinois, Daniel T. Kapsak, Assistant United States Attorney, Fairview Heights, IL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao–Ming Gao, a native and citizen of China, seeks review of the December 9, 2003 order of the BIA affirming the September 10, 2002 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ming Gao*, No. A77 935 994 (B.I.A. Dec. 9, 2003), *aff'g* No. A77 935 994 (Immig. Ct. N.Y. City, Sept. 10, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

█ As an initial matter, we dismiss Gao's petition for review with respect to her CAT claim because she did not exhaust that claim before the BIA, and we therefore lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

█ Regarding her asylum claim, although Gao alleges that the agency failed to consider her claim that she has a well-founded fear on account of her membership in a particular social group, i.e., her family, she failed to raise such a claim before either the IJ or the BIA. Gao argues in general, her claim has a nexus to a protected ground; however. We have observed that "[t]o preserve an issue for judicial review, the petitioner must first raise it *with specificity* before the [agency]." *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir.2007) (emphasis added, citation omitted). Because Gao failed to specifically allege before the agency that she was persecuted, or feared future persecution, on account of her membership in a particular social group, that issue was not properly preserved for judicial review. *See id.*

Moreover, regarding past persecution, Gao never alleged before the IJ or BIA—

as she does here—that she suffered "mental anguish," "hardships," or "discriminat[ion]" on account of a protected ground. The IJ correctly observed that Gao testified that she had not personally experienced past harm. We lack the authority to consider additional evidence that was not previously considered by the agency. 8 U.S.C. § 1252(b)(4)(A). Accordingly, we cannot consider Gao's new factual assertions that she was the victim of past discrimination and psychological trauma on account of her family's violation of China's planned birth policy.

■ To the extent that Gao claims to fear future persecution on account of an imputed political opinion based on her parents' violation of the planned birth policy, the IJ correctly observed that she offered no objective evidence that Chinese officials would seek to harm her on this basis. Her brief to this Court does not identify any evidence in the record that would rebut the IJ's finding. Accordingly, Gao has failed to demonstrate that she faces "a slight, though discernible, chance of persecution" on account of an imputed political opinion. *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000) (citation omitted). As such, the agency's denial of asylum was not improper.

Because Gao was unable to show the objective likelihood of persecution needed to support an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).